broadcast constituted an unexplained departure from the FCC's prior indecency policy, that error has been rendered moot going forward. The FCC has made clear that it has abandoned its exception for fleeting expletives. *Id.*, at 509–510. Looking ahead, it makes no difference as a matter of administrative law whether the FCC's fleeting expletive policy applies to allegedly fleeting images, because the FCC no longer adheres to the fleeting expletive policy. It is now clear that the brevity of an indecent broadcast—be it word or image—cannot immunize it from FCC censure. See, *e. g., In re Young Broadcasting of San Francisco, Inc.*, 19 FCC Rcd. 1751 (2004) (censuring a broadcast despite the "fleeting" nature of the nudity involved). Any future "wardrobe malfunctions" will not be protected on the ground relied on by the court below.

JUSTICE GINSBURG, concurring.

The Court's remand in *FCC* v. *Fox Television Stations, Inc., ante*, p. 239, affords the Federal Communications Commission an opportunity to reconsider its indecency policy in light of technological advances and the Commission's uncertain course since this Court's ruling in *FCC* v. *Pacifica Foundation*, 438 U. S. 726 (1978).

No. 09–10755. SMITH *v.* FLORIDA, 564 U. S. 1052. Petition for rehearing denied.

JULY 18, 2012

No. 11–10944 (11A1225). HEARN *v.* THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION. C. A. 5th Cir. Application for stay of execution of sentence of death, presented to JUSTICE SCALIA, and by him referred to the Court, denied. Certiorari denied.

No. 12–5260 (12A55). HEARN *v.* THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION. C. A. 5th Cir. Application for stay of execution of sentence of death, presented to JUSTICE SCALIA, and by him referred to the Court, denied. Certiorari denied.